IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JENNIFER RUIZ-VASQUEZ, | ) |
| | ) |
| Plaintiff, | ) CASE NO.: |
| vs. | ) |
| | ) |
| DOLGENCORP, LLC d/b/a | ) STATE COURT CAUSE NO.: |
| DOLLAR GENERAL, | ) 45D10-1812-CT-000920 |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

The Defendant, Dolgencorp, LLC ("Defendant Dolgencorp"), files this Notice of Removal pursuant to pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446 and states the following in support of it:

1. On or about December 12, 2018, the Plaintiff, Jennifer Ruiz-Vasquez, filed a Complaint in the Lake County (Indiana) Superior Court, styled *Jennifer Ruiz-Vasquez v. Dolgencorp, LLC d/b/a Dollar General*, Cause No. 45D10-1812-CT-000920, in which she asserts a personal-injury claim resulting from an alleged trip and fall two years earlier on December 12, 2016 at a Dollar General Store located at 7830 E. 109th Avenue in Crown Point, Indiana. Pursuant to 28 U.S.C. § 1446(a) copies of the Plaintiff's Complaint and Summons are attached as **Exhibit A** to this Notice of Removal. Defendant Dolgencorp has also attached a copy of the State Court docket sheet as **Exhibit B**.

2. The Plaintiff alleges that Defendant Dolgencorp "breached its duty of care it owed to the Plaintiff by allowing a dangerous condition to exist on the property, which caused the Plaintiff to trip, fall and injure herself[,]" "resulting in personal injuries, some of which are permanent, aggravation of a pre-existing condition, and requiring medical care and attention along with the

incidental and consequential expenses involved therewith, experienced pain and suffering, and lost wages."

3. Defendant Dolgencorp received a copy of the summons and complaint via Certified Mail on December 28, 2018 and on January 22, 2019, it filed a timely Answer, Affirmative Defenses, and Request for Jury Trial with the Lake Superior Court Clerk, which it attaches as **Exhibit C** to this notice along with all other pleadings, filings, and orders of record to date in the state-court proceedings.

4. The Plaintiff is domiciled in, and a citizen of, the State of Indiana. Her Complaint itself asserts that she is a resident of Lake County, Indiana and at the time of the incident giving rise to her Complaint, she provided a home address in Crown Point, Indiana to Defendant Dolgencorp's store personnel. Moreover, Defendant Dolgencorp's investigation has demonstrated that the Plaintiff has made her home in Northwest Indiana for more than fifteen years and during that time has commenced multiple actions in the United States Bankruptcy Court for the Northern District of Indiana.

5. Defendant Dolgencorp, is, and at the time the complaint was filed, was, a single-member, manager-managed Kentucky limited-liability company and is a wholly-owned subsidiary of Dollar General Corporation, which is both incorporated and has its principal place of business in the State of Tennessee. Defendant Dolgencorp is thus a citizen of the State of Tennessee.

6. Since the Plaintiff (a citizen of Indiana) and Defendant Dolgencorp (a citizen of Tennessee) are citizens of different states, there is complete diversity of citizenship between the parties within the contemplation of 28 U.S.C. § 1332(a).

7. Although the Plaintiff's Complaint itself does not allege any specific dollar amount or range in damages, and Defendant Dolgencorp has not yet received any "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one [that] is or

has become removable" within the contemplation of 28 U.S.C. § 1446(b)(3), Defendant Dolgencorp reasonably believes that the amount in controversy exceeds $75,000.00. Specifically, in an effort to ascertain the amount in controversy, contemporaneously with its service of its responsive pleading in state court, Defendant Dolgencorp served a set of written discovery requests narrowly tailored to identify the amount in controversy. Although the Plaintiff has not yet responded to those discovery requests, Defendant Dolgencorp's counsel and Plaintiff's counsel have conferred regarding those requests and Plaintiff's counsel has advised that the Plaintiff's answers and responses will demonstrate that the amount in controversy exceeds $75,000.00. Based upon that representation, and the basis of the Plaintiff's claims and Plaintiff's counsel's oral representations regarding the extent of the amounts billed to and/or owed by the Plaintiff for medical treatment she will claim is related to the incident at issue in this litigation, Defendant Dolgencorp believes it to be more likely than not that the amount in controversy exceeds the jurisdictional minimum of $75,000.00. *See Copak v. State Farm Mut. Auto. Ins. Co.*, 2013 U.S. Dist. LEXIS 15801, *1 (N.D. Ind. 2013); *Workman v. United Parcel Service, Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000).

8. This Court therefore possesses original jurisdiction over the underlying state court case pursuant to the provisions of 28 U.S.C. § 1332. This action may be removed pursuant to the provisions of 28 U.S.C. § 1441 and § 1446 because there is complete diversity of citizenship between the parties, and Defendant Dolgencorp reasonably believes that the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

9. Defendant Dolgencorp's Notice of Removal is timely pursuant to 28 U.S.C. § 1448 for the reasons outlined in paragraphs 3 and 7 above.

10. Defendant Dolgencorp has completed all necessary requirements to remove this action to federal court in accordance with the procedures outlined in 28 U.S.C. § 1446(c). Defendant has filed copies of all process and pleadings served on them in this action with its Notice

3

of Removal. Moreover, upon receipt of an ECF Notice with respect to this filing, Defendant Dolgencorp will provide written notice of the Notice of Removal to all attorneys of record in the state-court proceedings and to the Clerk of the Lake County Superior Court.

11. In the event that the Plaintiff challenges this Notice of Removal and the Court's subject-matter jurisdiction, Defendant Dolgencorp reserves the right to file the appropriate affidavits and other proof with the Court to satisfy its burden of proof with respect to diversity jurisdiction. *See Buchanan v. McLee*, 2006 U.S. Dist. LEXIS 8533 (N.D. Ind. Feb. 10, 2006) (holding that the Court can require the defendant to file appropriate evidence or "competent proof" to support diversity jurisdiction upon its own volition or upon being challenged by the plaintiff).

**WHEREFORE**, for all the foregoing reasons, Defendant, Dolgencorp, LLC, respectfully requests that this Honorable Court accept removal pursuant to 28 U.S.C. § 1441 and U.S.C § 1446.

Respectfully submitted,

/s/ Trevor W. Wells
Trevor W. Wells (#31156-64)
Danny Merril Newman Jr (#33668-15)
**REMINGER CO., L.P.A.**
One Professional Center, Suite 202
2100 North Main Street
Crown Point, IN 46307
(219) 663-3011
(219) 663-1049 (fax)
twells@reminger.com
dnewman@reminger.com
*Counsel for the Defendant,*
*Dolgencorp, LLC*

## CERTIFICATE OF SERVICE

      I certify that on January 28, 2019, a true and complete copy of the above and foregoing was served in accordance with Fed.R.Civ.P. 5, pursuant to the district court's ECF system as the ECF filers, and was served by regular mail to non-ECF filers and parties who do not appear to be registered with the Court's ECF system.

David A. Wilson
David Wilson Law Offices, P.C.
8973 Broadway
Merrillville, IN 45410
*Counsel for Plaintiff*

                                        */s/ Trevor W. Wells*
                                        Trevor W. Wells (#31156-64)
                                        **REMINGER CO., L.P.A.**