UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JENNIFER RUIZ-VASQUEZ,<br>   Plaintiff, | )<br>)<br>) |
| v. | )   CAUSE NO.: 2:19-CV-46-JVB-JEM<br>) |
| DOLGENCORP, LLC, d/b/a DOLLAR GENERAL<br>   Defendant. | )<br>)<br>)<br>) |

**OPINION AND ORDER**

  This matter is before the Court on Defendant's Motion for Summary Judgment [DE 37] filed by Defendant Dolgencorp, LLC on February 18, 2022. Plaintiff Jennifer Ruiz-Vasquez filed a response on March 18, 2022, and Defendant filed a reply on April 1, 2022.

  Plaintiff filed this negligence action against Defendant in state court on December 12, 2018. Defendant then removed this case to federal court on the basis of diversity jurisdiction. Plaintiff alleges that she tripped and fell on Defendant's premises as a result of Defendant breaching its duty of care owed to Plaintiff by allowing a dangerous condition to exist on its premises. Defendant filed the instant motion asserting that there is no genuine issue of material fact and asking the Court to enter summary judgment in its favor. For the following reasons, the Court denies Defendant's motion.

**SUMMARY JUDGMENT STANDARD**

  A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish

the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Keri v. Bd. of Trust. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986).

## MATERIAL FACTS

There is no dispute that, at approximately 7:00 p.m. on December 12, 2016, in the entry vestibule at the Dollar General store located on 109th Avenue in Crown Point, Indiana, Plaintiff tripped and fell over a tall, rectangular cardboard box designed to hold umbrellas. Surveillance video shows that the box had been dislodged from its original upright location when a customer

pushed a yellow bascart[1] against it. Less than a minute later, Plaintiff entered the store. At that time, however, the bascart was located between the box and patrons entering the store, and only a small portion of the box was exposed to patrons exiting the store. A little over twelve minutes after the box fell, a customer claimed possession of the yellow bascart. From that time until Plaintiff's fall, a period of approximately nineteen minutes, twenty-two individuals, including children, exited the store without falling over the box. Approximately five minutes before Plaintiff's fall, the box was moved a few inches toward the center of the vestibule.

While checking out at the register, a process that took approximately three and a half minutes, Plaintiff was no more than ten feet away from the box. The box was white and the floor mat on which it rested was black. After Plaintiff picked up her purchases, she turned her body to walk into the vestibule and exit the store. At that time, the automatic doors opened for another customer who was walking into the vestibule from the parking lot. Plaintiff and the other customer entered the vestibule at approximately the same time. As Plaintiff attempted to walk past this customer, she tripped on the box and fell.

Approximately 31 minutes and 33 seconds elapsed from the time the umbrella box was dislodged to the time Plaintiff tripped and fell. During that time, a cashier helped multiple customers complete their purchases. Plaintiff contends that the video evidence shows that the cashier was in a clear position to see the umbrella box when the cashier rotated the bag carousel.

## ANALYSIS

Because this case is in federal court due to diversity jurisdiction, Indiana's substantive law applies. *Waldon v. Wal-Mart Stores, Inc., Store No. 1655*, 943 F.3d 818, 821 (7th Cir. 2019). To prevail on her negligence claim against Defendant, Plaintiff must prove (1) Defendant owed

---

[1] The Court follows the parties' lead and uses the term "bascart" for Defendant's shopping carts.

Plaintiff a duty, (2) Defendant breached that duty, and (3) the breach proximately caused injury to Plaintiff. *Dennis v. Greyhound Lines, Inc.*, 831 N.E.2d 171, 173 (Ind. Ct. App. 2005) (citing *Hayden v. Paragon Steakhouse*, 731 N.E.2d 456, 458 (Ind. Ct. App. 2000)). "A negligence action is rarely an appropriate case for disposal by summary judgment because issues of negligence, causation, and reasonable care are most appropriately left for a determination of the trier of fact." *Mayfield v. Levy Co.*, 833 N.E.2d 501, 505 (Ind. Ct. App. 2005) (internal quotation marks omitted) (quoting *Guy's Concrete, Inc. v. Crawford*, 793 N.E.2d 288, 293 (Ind. Ct. App. 2003)).

Here, the claim of negligence is based on allegations of injury due to a dangerous condition on Defendant's premises. Plaintiff asserts and Defendant concedes that Plaintiff was Defendant's invitee at the time of her fall. Under Indiana law of premises liability,

> any possessor of land may be held liable if it: (1) knew that the condition existed and realized that it represented an unreasonable danger to the invitee, or should have discovered the condition and its danger; (2) should have expected that the invitee would not discover or realize the danger of the condition, or would fail to protect herself against it; and (3) failed to use reasonable care to protect the invitee against the danger.

*Branscomb v. Wal-Mart Stores E., L.P.*, 165 N.E.3d 982, 986 (Ind. Apr. 7, 2021) (citing Restatement (Second) of Torts § 343 (1965)). "The mere allegation of a fall is insufficient to establish negligence, and negligence cannot be inferred from the mere fact of a fall." *Taylor v. Cmty. Hosps. of Indiana, Inc.*, 949 N.E.2d 361, 364 (Ind. Ct. App. 2011) (quoting *Hall v. Eastland Mall*, 769 N.E.2d 198, 206 (Ind. Ct. App. 2002)).

Defendant argues that Plaintiff cannot show (1) that Defendant had actual or constructive knowledge of the umbrella box's position on the floor and (2) that the box was neither known nor obvious to Plaintiff or that Defendant should have anticipated that Plaintiff would fail to discover, realize, and avoid the risk of harm it presented. Plaintiff argues that she has sufficient evidence to

4

prove that Defendant had constructive knowledge and that the box was not a known or obvious condition.

### A. Constructive Knowledge

Under Indiana premises liability law, constructive knowledge is "a condition which has existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if the storekeeper, his agents or employees had used ordinary care." *Schulz v. Kroger Co.*, 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012) (internal quotation marks and alterations omitted). "Indiana courts consistently grant summary judgment to landowners when, just before a fall . . . , an employee inspected a location and found no potential hazard." *Waldon*, 943 F.3d at 823. For example, there was no constructive knowledge of a clear liquid on the floor in the back of a supermarket that had been present for at most ten minutes when a customer fell. *Schulz*, 963 N.E.2d at 1144-45.

An initial question that the Court must answer is what the proper time frame is in which to consider the question of constructive knowledge. The box was tipped over approximately 31 minutes before Plaintiff's fall, but it was partially shielded by a bascart immediately after it fell. The bascart was removed approximately 19 minutes before Plaintiff's fall. Approximately five minutes before Plaintiff's fall, the box was moved slightly more toward the center of the vestibule.

Defendant argues that the box was not a hazard during the time when it was sheltered by the bascart and that the Court should consider only the time during which the box was in the same position it was in when Plaintiff tripped over it. However, given that bascarts are intended to be moved about the store by Defendant's customers as the customers collect items for purchase, it would be unreasonable for Defendant to assume that the bascart sheltering the umbrella box would remain in that position indefinitely. The umbrella box lying on its side in the vestibule posed a

5

danger; the fact that the only object providing cover for it was a bascart that any customer would feel entitled to move if they so desired factors into the duty of reasonable care that Defendant owed to its customers.

Consider the following hypothetical. A store employee is aware that there is a set mousetrap toward the rear a product shelf. There is a danger if there is no product shielding the mousetrap because a customer may reach toward the back of the shelf to see if there is more product and spring the trap on their fingers, causing injury. What changes if there is product on the shelf? The risk of injury in the immediate short term is reduced by virtue of the product shielding customers from the trap, but the hazard itself is still there, and if customers behave the way in which the store intends them to, that is, remove product from the shelves in order to purchase it, the hazard will be exposed.

Could the store escape liability despite knowledge of the shielded danger by not having knowledge that its invitees acted in a reasonable manner and removed the shield? The Court answers this question in the negative and finds that knowledge (whether constructive or actual) of a hazardous condition that is temporarily shielded by an object that the landowner can reasonably expect to be moved out of position at any time is still knowledge of a hazardous condition.

Turning back to the facts of this case and the question of the time frame for the issue of constructive knowledge, the parties agree that the unsheltered box on the floor is a tripping hazard. While the bascart was sheltering the box, the immediate risk of injury was decreased, but any customer at any time would have felt free to grab the bascart to use while shopping, at which time the hazard would become exposed. Thus, the proper time to consider for the constructive knowledge analysis is approximately 31 minutes.

The evidence viewed in the light most favorable to Plaintiff is that the umbrella box was on the floor of the vestibule for 31 minutes. As evidenced by the multiple customers who purchased items during this time, an employee or employees were at the register approximately ten feet away for several of these minutes. A reasonable jury could find that the umbrella box on the floor existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if Defendant had used ordinary care.

While *Shulz* is a helpful case, there are notable differences here. The hazardous condition existed for a longer period of time, the location of the hazard is the high foot-traffic area of the vestibule instead of an area in the back of the store, and there is evidence of employee presence in the general area during the time that the hazard was present. The Court will not take this question away from the jury.

### B. Breach of Duty

Defendant asserts that Plaintiff cannot show that it breached any duty it owed to Plaintiff. That is, Defendant notes that it is not liable to its invitees for injuries caused by conditions whose dangers are known or obvious to its invitees unless Defendant should anticipate harm despite the knowledge or obviousness. Restatement (Second) of Torts § 343A (1965). Plaintiff testified at her deposition that she did not see the box before she tripped on it. (Pl.'s Dep. 34:2-3, ECF No. 37-2). Plaintiff's uncontested testimony is enough to establish that the box was not known, so the pertinent question is whether it was obvious.

"A condition is 'obvious' under Section 343A if both the condition and the risk are apparent to, and would be recognized by, a reasonable person in the position of the visitor exercising ordinary perception, intelligence, and judgment." *Roumbos v. Samuel G. Vazanellis & Thiros and*

*Stracci, PC*, 95 N.E.3d 63, 67 (Ind. 2018); *accord Converse v. Elkhart Gen. Hosp., Inc.*, 120 N.E.3d 621, 627 (Ind. Ct. App. 2019).

The obviousness of certain risks can be decided on summary judgment. For example, the risks of being struck by an errant golf ball on a golf course or a by foul ball in the stands of a baseball field are obvious risks. *Roumbos*, 95 N.E.3d at 67 (citing *S. Shore Baseball, LLC v. DeJesus*, 11 N.E.3d 903, 310 (Ind. 2014); *Pfenning v. Lineman*, 947 N.E.2d 392, 406 (Ind. 2011)). In a similar vein, the condition of an air hose on the floor in a poorly illuminated area was "known and obvious" to a reasonable truck driver who had been at the facility daily for years and was aware of the lack of adequate lighting. *Podemski v. Praxair, Inc.*, 87 N.E.3d 540, 548 (Ind. Ct. App. 2017).

On the other hand, Indiana courts have declined to find obviousness as a matter of law regarding wires on a hospital room floor that a patient's spouse tripped over, *Roumbos*, 95 N.E.3d at 68, and regarding a loose landscaping rock on a sidewalk that an employee tripped over, *Converse v. Elkhart General Hospital, Inc.*, 120 N.E.3d 621, 629 (Ind. Ct. App. 2019).

Here, when Plaintiff entered the store, the umbrella box was at least partially obscured from view by the bascart that was later removed. Additionally, as Plaintiff was exiting the store, she had her purchases in her arms. Furthermore, another customer was entering the vestibule from the opposite direction at approximately the same time. This case is more akin to the wires on the hospital floor or the landscaping rock on the sidewalk than it is to an errant golf ball, a foul baseball in the stands, or an air hose in an area that the injured person was very familiar with. A reasonable jury could find that the box was not obvious to a reasonable person in Plaintiff's position, so summary judgment is not appropriate on the question of breach of duty.

## CONCLUSION

Because genuine issues of material fact exist regarding Defendant's constructive knowledge and the obviousness of the umbrella box, the Court hereby **DENIES** Defendant's Motion for Summary Judgment.

SO ORDERED on May 3, 2022.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
